**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 14a0870n.06

No. 14-3217

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

**FILED**
Nov 19, 2014
DEBORAH S. HUNT, Clerk

| | | |
|---|---|---|
| FATOUMATA BAH, aka Fatoumata Toupe Sow, | ) ) ) | |
| Petitioner, | ) ) | ON PETITION FOR REVIEW FROM THE UNITED STATES |
| v. | ) ) ) | BOARD OF IMMIGRATION APPEALS |
| ERIC H. HOLDER, JR., Attorney General, | ) ) | |
| Respondent. | ) ) | |

BEFORE: BATCHELDER and ROGERS, Circuit Judges; BECKWITH, District Judge.[*]

PER CURIAM. Fatoumata Bah, also known as Fatoumata Toupe Sow, petitions this court for review of an order of the Board of Immigration Appeals (BIA) dismissing her appeal from the denial of her motion to reopen removal proceedings. We deny the petition for review.

In 2004, Petitioner filed an application for asylum, withholding of removal, and protection under the Convention Against Torture (CAT) under the name Fatoumata Bah, claiming to be a native and citizen of Guinea, where she allegedly faced persecution based on her membership in the Foulah ethnic group and her membership in the Rally of the Guinean People political party. The Department of Homeland Security (DHS) subsequently served Petitioner with a notice to appear, charging her as an alien present in the United States who had not been admitted or paroled. *See* 8 U.S.C. § 1182(a)(6)(A)(i). After a hearing, an immigration judge (IJ)

---

[*]The Honorable Sandra S. Beckwith, United States District Judge for the Southern District of Ohio, sitting by designation.

denied Petitioner's application and ordered her removal to Guinea. Petitioner filed a timely motion to reopen/reconsider, which the IJ denied.

Petitioner filed another application for asylum, withholding of removal, and CAT protection in 2011. This time, Petitioner used the name Fatoumata Toupe Sow and claimed to be a native and citizen of Senegal. As grounds for her application, Petitioner asserted that her family had forcibly subjected her to female genital mutilation (FGM) as a child, and that they have insisted that she send her United States citizen daughter to Senegal to be circumcised. After matching Petitioner's fingerprints to her prior application, the DHS denied her application and placed her under supervision.

Petitioner then filed another motion to reopen, asserting that she originally filed a false application because an African man in the United States had convinced her that she would not be able to apply for asylum as a citizen of Senegal but would be granted asylum if she applied as a citizen of Guinea. According to Petitioner, this man obtained the identity documents from Guinea and prepared the application. Petitioner claimed that she is now presenting the "complete and accurate story" and reiterated that her family wants her daughter to return to Senegal to undergo FGM, a forced procedure that she, and all other women in her family, had been subjected to. Denying Petitioner's motion to reopen, the IJ determined that Petitioner had asserted changed personal circumstances rather than changed country conditions as required to fall within the statutory exception to the time and number bars and that she failed to demonstrate prima facie eligibility for relief. The BIA dismissed Petitioner's appeal from the IJ's decision, agreeing that Petitioner's motion to reopen was time and number barred, that she had based her motion on a changed personal circumstance rather than changed country conditions, and that she

had failed to demonstrate prima facie eligibility for relief. The BIA further held that Petitioner failed to present exceptional circumstances necessary to warrant sua sponte reopening.

We review the denial of a motion to reopen removal proceedings for abuse of discretion. *Bi Feng Liu v. Holder*, 560 F.3d 485, 489 (6th Cir. 2009). "This Court will find an abuse of discretion if the denial of the motion to reopen 'was made without a rational explanation, inexplicably departed from established policies, or rested on an impermissible basis such as invidious discrimination against a particular race or group.'" *Id*. at 490 (quoting *Allabani v. Gonzales*, 402 F.3d 668, 675 (6th Cir. 2005)).

In general, an alien may file one motion to reopen removal proceedings and must file that motion within ninety days of the date of the final administrative order of removal. 8 U.S.C. § 1229a(c)(7)(A), (C)(i). This time limit does not apply to motions to reopen filed for the purpose of applying for asylum or withholding of removal if "based on changed country conditions arising in the country of nationality or the country to which removal has been ordered, if such evidence is material and was not available and would not have been discovered or presented at the previous proceeding." 8 U.S.C. § 1229a(c)(7)(C)(ii); *see* 8 C.F.R. § 1003.23(b)(4)(i). Petitioner concedes that there were no significant changed country conditions in Senegal or Guinea regarding FGM in the period between her initial application and the instant motion to reopen but argues that there were significant changes in United States law regarding FGM claims during that time. Petitioner cites 8 C.F.R. § 208.4(a)(4)(i)(B), which excepts an untimely asylum application for "changes in applicable U.S. law." Petitioner must first satisfy the requirements for a motion to reopen before her asylum application and its timeliness will be considered. *See Zhang v. Mukasey*, 543 F.3d 851, 859 (6th Cir. 2008).

Having conceded no changed country conditions, Petitioner cannot satisfy the statutory requirements to excuse her untimely motion to reopen.

Finding no abuse of discretion, we deny the petition for review.